David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Lara Williams*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LARA WILLIAMS, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| HUNTER WARFIELD, INC, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff Lara Williams, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

harassment of Plaintiff by Defendant in its illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Lara Williams ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Hunter Warfield, Inc ("Hunter") is headquartered in Florida and is doing business in the State of Nevada.

6. Upon information and belief, Hunter is licensed as a "debt collector" and is in the business of purchasing debts owed to third parties or collecting debts owed to third parties and regularly attempts to collect those debts.

7. Hunter uses mail, credit reporting and instrumentalities of interstate commerce to attempt to collect the debts either owed to another creditor or purchased from another creditor, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation ("Debt") to BDJ Realty ("BDJ").

9. The Debt arose from services provided by BDJ which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned, or transferred to Hunter for collection, or Hunter was employed by BDJ to collect the Debt.

11. Hunter attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hunter Engages in Harassment and Abusive Tactics

### FACTS

12. On April 15, 2021, Plaintiff filed for Chapter 7 Bankruptcy in United States Bankruptcy Court for the District of Nevada. Plaintiff was assigned Case No. 21-11880-nmc ("Bankruptcy").

13. BDJ received notice of the Bankruptcy through the Bankruptcy Court's BNC noticing system, as seen below. *See* Bankruptcy ECF No. 9.

> Case 21-11880-nmc   Doc 9   Entered 04/18/21 21:50:52   Page 1 of 5
>
> United States Bankruptcy Court
> District of Nevada
>
> In re:                                                               Case No. 21-11880-nmc
> LARA ALICE WILLIAMS                                                  Chapter 7
>     Debtor
>
> ## CERTIFICATE OF NOTICE
>
> District/off: 0978-2                User: sharpdl                    Page 1 of 3
> Date Rcvd: Apr 16, 2021             Form ID: 309A                    Total Noticed: 33
>
> The following symbols are used throughout this certificate:
> Symbol    Definition
> +         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.
>
> Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 18, 2021:
> Recip ID    Recipient Name and Address
> db       +  LARA ALICE WILLIAMS, 965 COTTAGE GROVE AVE. #27, LAS VEGAS, NV 89119-6862
> 11460378 +  BDJ Realty, 2620 Regatta Dr. #102, Las Vegas, NV 89128-6892
> 11460385 +  Dept. of Employment, Training & Rehab, Employment Security Division, 500 East Third Street, Carson City, NV 89713-0002

14.     Plaintiff scheduled the Debt in the Bankruptcy, as seen below.  *See* Bankruptcy ECF No. 13.

> 4.6  **BDJ Realty**                               Last 4 digits of account number _____        $0.00
>      Nonpriority Creditor's Name
>      2620 Regatta Dr. #102                        When was the debt incurred? _____
>      Las Vegas, NV 89128
>      Number Street City State Zip Code            As of the date you file, the claim is: Check all that apply
>      Who incurred the debt? Check one.
>      ■ Debtor 1 only                              ☐ Contingent
>      ☐ Debtor 2 only                              ☐ Unliquidated
>      ☐ Debtor 1 and Debtor 2 only                 ☐ Disputed
>      ☐ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:
>      ☐ Check if this claim is for a community     ☐ Student loans
>        debt                                       ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
>      Is the claim subject to offset?              ☐ Debts to pension or profit-sharing plans, and other similar debts
>      ■ No                                         ■ Other. Specify  Lease
>      ☐ Yes

15.     On July 19, 2021, Plaintiff received a discharge in the Bankruptcy. *See* Bankruptcy ECF No. 18.

16.     BDJ received notice of the discharge through the Bankruptcy Court's BNC noticing system, as seen below. *See* Bankruptcy ECF No. 19.

> Case 21-11880-nmc   Doc 19   Entered 07/21/21 21:42:44   Page 1 of 6
>
> United States Bankruptcy Court
> District of Nevada
>
> In re:                                                          Case No. 21-11880-nmc
> LARA ALICE WILLIAMS                                             Chapter 7
>     Debtor
>
> **CERTIFICATE OF NOTICE**
>
> District/off: 0978-2            User: admin                    Page 1 of 4
> Date Rcvd: Jul 19, 2021         Form ID: 318                   Total Noticed: 39
>
> The following symbols are used throughout this certificate:
> Symbol      Definition
>   +         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.
>   ++        Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).
>
> Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 21, 2021:
> Recip ID       Recipient Name and Address
> db         +   LARA ALICE WILLIAMS, 965 COTTAGE GROVE AVE. #27, LAS VEGAS, NV 89119-6862
> aty        +   ACE C VAN PATTEN, TIFFANY & BOSCO, P.A., 10100 W. CHARLESTON BLVD, STE 220, LAS VEGAS, NV 89135-5001
> aty        +   SETH D BALLSTAEDT, THE BALLSTAEDT LAW FIRM, 8751 W. CHARLESTON BLVD #220, LAS VEGAS, NV 89117-5482
> 11460378   +   BDJ Realty, 2620 Regatta Dr. #102, Las Vegas, NV 89128-6892
> 11480503   +   Credit Control LLC, PO Box 51790, Livonia, MI 48151-5790
> 11480504   +   Credit Control LLC, PO Box 546, Hazelwood, MO 63042-0546

17. As a result of the Bankruptcy and discharge, any personal liability Plaintiff had for the Debt was discharged, and BDJ, and all successors in interest, were precluded from making any attempt to collect from Plaintiff.

18. However, Hunter sent Plaintiff an email, dated July 23, 2021, attempting to collect the Debt. Attached to the email was a letter, in which Hunter demanded Plaintiff pay $6,954.02 on the Debt, as seen below.





4620 Woodland Corporate Blvd
Tampa, FL 33614
Toll Free 844-440-2806

July 23, 2021

LARA WILLIAMS
737 OAKMONT AVE 1208
LV, NV 89109

Please be advised that your delinquency in the amount of $6,954.02 which is owed to our client, BDJ REALTY, is outstanding. This debt has been referred to us for collection. Accordingly, demand is hereby made for full payment of your past due account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and send you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have questions regarding your account or wish to pay over the phone by check or credit card, please contact a representative at 844-440-2806; or you may log into www.payhwi.com. You will need your account number and PIN provided below.

Sincerely,
Hunter Warfield, Inc.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

## C. Plaintiff Suffered Actual Damages

19. Plaintiff has suffered and continues to suffer actual damages as a result of Hunter's unlawful conduct.

20. As a direct consequence of Hunter's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

21. Plaintiff also fears she may have lost the benefit of the Bankruptcy if Hunter is permitted to continue its attempts to collect almost $7,000.00 from her.

# COUNT I
# VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

24. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

25. The foregoing conduct relating to these FDCPA claims is not predicated on a violation of a discharge order, nor does Plaintiff seek relief for violation of a discharge order. Conversely, these FDCPA claims are predicated on Defendant's misrepresentations of the amount owed through Defendant's collection communications and debt collection efforts regarding the Debt.

26. Unlike the plaintiff in Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 9th Cir. 2002), Plaintiff herein is not alleging under this Count that Defendant engaged in unfair and unconscionable collection practices, which are forbidden by the FDCPA, by trying to collect a debt in violation of the discharge injunction. Instead, Plaintiff raises an entirely different claim based on Defendant's

misrepresentation of the amount actually owed on the Debt, which is a legally and factually distinct claim from Walls' allegations of FDCPA violations flowing from a creditor's discharge violations.  Neither is Plaintiff seeking redress under any provision of the Bankruptcy Code as none exists to provide a remedy for Defendant's collection misrepresentations.

27. Plaintiff is not seeking a private right of action under the Bankruptcy Code as there is no independent basis under the Bankruptcy Code to provide redress to Plaintiff for Defendant's misrepresentation of the correct and lawful amount of the Debt.

28. Plaintiff also does not suggest that the Bankruptcy Code may be used to create substantive rights for a private right of action thereunder for Defendant's FDCPA collection violations.  These FDCPA claims are remote from the Bankruptcy Code and operate as their own independent claims under non-bankruptcy law.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of Defendant's violations.

31. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to

an award of reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

4. any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 11, 2021

                                      Respectfully submitted,

                                      By    /s/ David Krieger, Esq.
                                               David Krieger, Esq.
                                               Nevada Bar No. 9086
                                               Shawn Miller, Esq.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com